## MATHER and DANFORTH *against* GODDARD.

A deposition or oral testimony, stating the contents of a paper, which can be shewn to the court, but which is not produced, is inadmissible.

Therefore, where the plaintiff, in an action for money had and received, to prove his title to the money demanded, offered a deposition, in which the deponent referred directly, and in terms, to a bill of lading, as the evidence of the shipment of the money to the plaintiff; but such bill of lading was not produced, nor shewn to be lost, or beyond the plaintiff's reach; it was held, that such deposition was inadmissible.

And it did not render such deposition the less exceptionable, that the court, at the instance of the plaintiff, subsequently instructed the jury, that what was contained in it in relation to the bill of lading should not be considered as evidence; because this would make the deponent say, of his own knowledge, what, by the terms of the deposition, he might have known only by the bill of lading; and besides, as he had sworn to the existence of paper, from which he gained his information, the court had now proof of a fact, sufficient, of itself, to exclude the testimony; and it could not, therefore, be proper to admit illegal testimony, by excluding testimony, which rendered it such.

THIS was an action for money had and received; tried at *Norwich, January* term, 1828, before *Lanman,* J.

The plaintiffs claimed, that the money mentioned in the declaration having been attached, was, by the officer who served the attachment, put into the defendant's hands, to be kept for the plaintiffs' use, and to be returned to them, whenever it should be released or discharged from the attachment, and that the suit in which it was so attached, was afterwards settled by the parties. The defendant claimed, that there was no proof of any notice to him, of any such settlement, or any demand, made by the plaintiffs, of the money, before this action was commenced; and prayed the judge to charge the jury, that without such demand and notice, the plaintiffs were not entitled to recover. But the judge charged the jury, that the plaintiffs might recover, without proof of notice or demand.

As evidence in the cause, the plaintiff introduced the deposition of *Samuel B. Williams,* who testified therein as follows: " On the 4th of *February,* 1825, as appears by the bill of lading hereinafter mentioned, I shipped, at the island of *Trinidad,* on board the brig *Union, Henry Mildman,* master, two bags of specie, in *Spanish* milled dollars, one marked *M. & D. No.*1, and the other *M. & D. No.* 2; and that there were 500 dollars in each bag. And I have, this day, seen a bill of lading,

in the possession of *John L. Lewis*, Esq., dated said 4th day of *New-London.* *February*, 1825, which is the same that I received of Captain *Mildman* previous to his departure from the island of *Trinidad*, and is the same which I remitted to *Mather* and *Danforth*." The plaintiffs did not produce the bill of lading, nor give any other evidence respecting it. The defendant objected to the admission of this deposition, without the production of the bill of lading; but the judge admitted it. Before it went to the jury, however, the plaintiffs prayed the judge to instruct them, that what was contained in it *relative to the bill of lading,* should not be considered as evidence. The defendant insisted, that the deposition, without this, contained no evidence of the plaintiffs' title to the money ; and that it ought not, therefore, to go to the jury as evidence, with such instruction. The judge decided this point against the defendant, and with such instruction committed the deposition to the jury as evidence.

The plaintiffs obtained a verdict ; and the defendant moved for a new trial.

*Goddard* and *Child*, in support of the motion, contended,

1. That the defendant was not liable until the termination of the attachment, by a settlement of the suit, and reasonable notice given and evidence furnished of such settlement, and reasonable demand of the money.

2. That the deposition was not admissible, without the production of the bill of lading ; and the instruction of the judge, instead of removing the difficulty, rendered the testimony still more exceptionable.

*Strong*, contra, insisted, 1. That the defendant having voluntarily, and for his own benefit, taken possession of the plaintiffs' property, " to be kept for their use, and to be returned to them whenever released or discharged from the attachment," he was bound to take notice of the settlement of the suit, whereby the property was so discharged. *Ward* v. *Henry*, 5 *Conn. Rep.* 596.

2. That the deposition was properly admitted. The bill of lading constituted no part of the plaintiffs' title to the money, and was not necessarily to be proved by them. The reference of the witness to it, in confirmation of his testimony, did not render its production necessary.

*New-London,*
*July, 1828.*

*Mather and*
*Danforth*
*v.*
*Goddard.*

DAGGETT, J.   The counsel for the defendant, in support of the motion, insist, that the deposition of *Samuel B. Williams* was improperly admitted.   The objection to it is, that it describes a bill of lading, and professes to state its contents ; and that therefore, the bill of lading should have been produced. It is certainly incorrect to permit a deposition, or oral testimony, to state the contents of a paper, which can be shown to the court ; for an inspection of the paper itself would be the more satisfactory evidence, and thus the better evidence would be withholden ; which is opposed to a very salutary rule of law, *viz.* that the best evidence which the nature of the case will admit of, shall be produced.   On looking at this deposition, it appears to refer directly, and in terms, to the bill of lading, as the evidence of the shipment of this money, " as *per* bill of lading," &c.   Had the bill of lading been lost, or beyond the reach of the plaintiffs and the deponent, a different view might have been taken of the testimony ; but this same deposition proves, that it was, on the day of the taking of the deposition, within the power of the plaintiffs ; and it is not suggested, that there was any notice given, or attempt made to produce it.   The deposition, therefore, ought to have been rejected ; and of this opinion, it seems, was the judge, at a subsequent stage of the trial ; for, at the instance of the plaintiffs, in his charge to the jury, he instructed them to lay out of their consideration what was said therein in relation to the bill of lading.   This course, however, was so far from correcting the error, that it rendered it more apparent and injurious ; for it gives to the deposition a force and effect to which it would, otherwise, not have been entitled.   It makes the deponent say, of his *own knowledge*, what by the terms of the deposition he might have known only by the bill of lading ; and, besides, as he had sworn to the *existence* of a paper, from which he gained his information, the court had now proof of a fact, sufficient, of itself, to exclude the testimony ; and it could not, therefore, be proper to admit illegal testimony, by excluding testimony which rendered it such.   On this ground, therefore, there must be a new trial.

2. It is also urged, that the charge was erroneous, because the jury were instructed, that if the notice to the defendant alleged in the declaration, was not proved, still they might find a verdict for the plaintiffs.   This brings into view a question

about which there are some nice distinctions; and as it need <span style="float:right">*New-London,*<br>July, 1828.</span>
not be decided, to dispose of this motion, the consideration of
it is waived.

Mather and<br>Danforth<br>*v.*<br>Goddard.

PETERS and LANMAN, Js. were of the same opinion.

HOSMER, Ch. J. and BRAINARD, J. were absent.

New trial to be granted.